**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Kevin J. Bean


         v.                              Civil No. 06-cv-161-PB


State of New Hampshire, et al.


**REPORT AND RECOMMENDATION**


        Pro se plaintiff Kevin J. Bean has filed a complaint,
pursuant to 42 U.S.C. § 1983, alleging that defendants have
violated his rights under the Fourth, Fifth and Fourteenth
Amendments to the United States Constitution and New Hampshire
law (document no. 1).  Seeking injunctive, declaratory and
monetary relief, he brings this action against the following
defendants: Sanbornton Township; Sanbornton Police Department
("SPD") and three SPD employees, Chief Mark R. Barton, Detective
Jeffrey S. Buskey and Officer John Doe I; the New Hampshire State
Police Department ("NHSPD") and two NHSPD employees, Troopers
John Doe II and John Doe III; and the New Hampshire Department of
Probation and Parole ("NHDPP") and two NHDPP employees, Chief
Robert Patrick and Field Services Officer Brad Drown.  The
complaint is before me for preliminary review to determine

whether, among other things, it states a claim upon which relief may be granted.  See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

For the reasons stated below, I find that Bean has alleged: (1) Fourth Amendment claims arising from an unreasonable search and seizure against the SPD, NHSPD, NHDPP, Barton, John Doe I–III and Drown (Counts I and III); (2) Fourth and Fourteenth Amendment claims arising from the retention, mishandling and/or destruction of seized property against the SPD, NHSPD, NHDPP, Barton, Buskey, John Doe I–III and Drown (Counts II, IV, VII and IX); and (3) Fourteenth Amendment claims arising from inadequate notice of seizure and inadequate pre–deprivation and post–deprivation remedies against the SPD, NHDPP, Sanbornton Township, Barton, Buskey and Drown (Counts V, VI and VIII).  I further recommend that this Court exercise jurisdiction over his related supplemental state law claims.  I recommend dismissal of all remaining claims.

### Standard of Review

In reviewing a pro se complaint, this Court must construe the pleading liberally and in favor of the pro se litigant.  See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)

(following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).  At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  <u>See</u> <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  <u>See</u> <u>Eveland v. Director of CIA</u>, 843 F.2d 46, 49 (1st Cir. 1988).

<u>Background</u>

The following facts are construed in the light most favorable to Bean.  Convicted by the New Jersey Superior Court (Monmouth County) on March 4, 2005, Bean is serving his sentence at the Albert C. Wagner Youth Correctional Facility, New Jersey Department of Corrections, in Bordentown, New Jersey.  While the record is silent as to the offense for which he was convicted, Bean alleges that the claims raised in this action are "unrelated to his current sentence of incarceration and/or conditions of confinement. . ."  At all times relevant to this action, Bean was under parole supervision by the NHDPP.  The instant claims arise out of a search and seizure conducted at Bean's residence and

subsequent proceedings before the New Hampshire District Court
(Franklin County) and New Hampshire Superior Court (Merrimack
County), during which he allegedly was denied adequate state pre-
deprivation and post-deprivation remedies for property seized
pursuant to a criminal investigation.

On June 29, 2004, Bean and an associate, Nicholas Werderski,
were in the process of renovating the premises leased by Bean and
located at 389 Woodman Road, Sanbornton, New Hampshire.  That
day, defendants SPD, NHSPD, NHDPP, Barton, Drown and John Doe I-
III executed a search warrant issued by the Franklin District
Court to search for and seize three appliances from Bean's
residence – a refrigerator, dishwasher and range.  During the
course of the search and because of his "fear of further
incarceration," Bean fled the scene and did not return until the
next day.  Despite defendants having located and seized the items
listed in the warrant, the initial seizure was followed by a
sweeping and indiscriminate search of Bean's residence which
resulted in the seizure of the majority of the contents of his
home.  The property seized allegedly is valued at approximately
$100,000.00.[1]  According to Bean, the search was unreasonable in

---

[1]The contents seized included the following: furniture;
electronics; electrical and plumbing fixtures; building

that it: (1) exceeded the scope of the warrant; (2) spanned over twenty-one months since the date of initial seizure; and (3) invited members of the public (by notice published in a local newspaper), who reported stolen property, to inspect and claim property without providing proof of ownership.

Bean claims that defendants improperly disposed of his property or withheld it indefinitely. Despite his repeated requests for its return, the State informed him that it would retain the property pending an investigation and confirmation that it was not stolen. According to Bean, the State has failed to account for the seized property and provide him with an accurate inventory and also failed to properly maintain and store the property thereby causing preventable damage and destruction. In addition, the State allegedly failed to maintain the necessary chain-of-custody records regarding the transportation and location of the property and has released certain items to third persons. The State also failed to file the "Search Warrant Return" with the court of issuance.

Bean further claims that the State seized his property

---

materials; sporting goods; over-the-counter medicines; jewelry; clothing; tools; antiques; a motor vehicle; photographs; various unknown documents; files; receipts; financial records; correspondence; and undetermined miscellaneous materials.

without notifying him of the seizure or the procedures by which
he may seek its return.  Nor was he notified of any investigation
or civil or criminal matter pending against him with regard to
the seized property.  He claims that because the State has not
instituted forfeiture proceedings against him, it is obligated to
return his property.  He asserts that Sanbornton Township policy
governing the disposition of property seized during the course of
a criminal investigation permits the municipality to dispose of
an individual's property without affording him prior notice or an
opportunity to be heard.

On December 20, 2004, Bean filed a motion for return of
property with the Franklin District Court.  The court allegedly
scheduled an initial hearing but failed to notify him of the
January 27, 2005 hearing date.  Subsequently, the court continued
the hearing to March 3, 2005, based in part on Bean's failure to
appear for the initial hearing.  Because of his incarceration in
the State of New Jersey and financial inability to retain
counsel, Bean moved for a continuance on February 21, 2005.  The
court allegedly never responded to his request and dismissed his
motion for return of property without a hearing.  The court also
allegedly failed to respond to his request for a copy of the
Search Warrant Return.

Bean subsequently petitioned the Merrimack County Superior Court to exercise supervisory jurisdiction over the above matters and to grant a petition for declaratory judgment.  The court denied his petition and instructed Bean to seek relief in the criminal case that involved the seizure of his property.  Because the State has taken no legal action against Bean or his property, Bean claims that he is now without adequate state post-deprivation remedies.

Discussion

I.   Section 1983 Claims

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal law.  See 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981); Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997).  In order to be held liable for a violation under Section 1983, a defendant's conduct must have been a cause in fact of the alleged constitutional deprivation.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  The premise of Bean's Section 1983 action is that defendants violated his Fourth, Fifth and Fourteenth Amendments rights by (1) conducting an unreasonable search and seizure of his residence; (2) improperly retaining,

7

destroying and/or mishandling of the seized property; and (3) failing to provide him with adequate notice of seizure and denying him adequate pre-deprivation and post-deprivation remedies.

    A.   <u>Counts I and III</u>

   Bean alleges that defendants conducted a search and seizure at his residence in violation of his Fourth Amendment right to be free from unreasonable searches and seizures.  Count I of the complaint alleges that the SPD, NHSPD, NHDPP, Barton, Buskey, John Doe I-III and Drown conducted a search and seizure that was outside the scope of the warrant and without probable cause. Count III alleges that the SPD, NHDPP Barton, Buskey, John Doe I and Drown conducted an open-ended search and seizure of the residence, which continued for more than twenty-one months and which involved participation by members of the public.

   The Fourth Amendment preserves the right of citizens "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV. Generally, to satisfy the Fourth Amendment's reasonableness requirement, a search or seizure must be "accomplished pursuant to a judicial warrant issued upon probable cause."  <u>Skinner v. Railway Labor Executives' Ass'n</u>, 489 U.S. 602, 619 (1989).  The

Fourth Amendment prohibits general and open-ended search warrants and requires that a search warrant particularly describe both the place to be searched and the persons or things to be seized.  See Dalia v. United States, 441 U.S. 238, 255 (1979).

The federal constitution does not prohibit the use of civilians in searches.  Bellville v. Town of Northboro, 375 F.3d 25, 32 (1st Cir. 2004).  However, "[c]ourts have articulated guidelines for evaluating police involvement of citizens in searches under the Fourth Amendment's reasonableness standard."  Id. at 33.  "The civilian must have been serving a legitimate investigative function", and "the officers must have some demonstrable need for the presence of the civilian."  Id.

Here, Bean alleges that on June 29, 2004, the SPD, NHSPD, NHDPP, Barton, Drown and John Doe I-III executed a search warrant issued by the Franklin District Court to search for and seize three appliances from his residence.  Although defendants located and seized the items listed in the warrant, they subsequently conducted a sweeping and indiscriminate search of Bean's residence which resulted in the seizure of the majority of the contents in his home.  According to Bean, the search was unreasonable in that it: (1) exceeded the scope of the warrant; (2) spanned over twenty-one months since the date of initial

seizure; and (3) invited members of the public (by notice published in a local newspaper) who reported stolen property to inspect and claim property without proof of ownership.  If true, these allegations may well give rise to a Fourth Amendment claim against the SPD, NHSPD, NHDPP, Barton, Buskey, Drown and John Doe I-III (Counts I and III).

     B.   <u>Counts II, IV, VII and IX</u>

Bean alleges that defendants mishandled, destroyed and/or retained his property without procedural due process, in violation of his Fourth, Fifth and Fourteenth Amendments rights. Count II of the complaint alleges that the SPD, NHSPD, NHDPP, Barton, Buskey, John Doe I-III and Drown recklessly mishandled property seized from Bean's residence, thereby causing preventable and unnecessary damage, in violation of his Fourth, Fifth and Fourteenth Amendment rights.  Count IV requests this Court to declare that the SPD, NHDPP, Barton, Buskey, John Doe I, and Drown conducted a search and seizure and caused loss and damage to the seized property, in violation of Bean's Fourth, Fifth and Fourteenth Amendment rights.  Bean also requests this Court to order the State to conduct an accounting of the property seized and released to third parties and to disclose its records pertaining to its accounting, inventory and chain-of-custody.

Count VII requests this Court to declare that the SPD, Sanbornton Township, Barton and Buskey failed to properly maintain the seized property, in violation of Bean's Fifth and Fourteenth Amendment rights.  Count IX alleges that the SPD, Sanbornton Township, Barton and Buskey unlawfully retained Bean's property in violation of his Fifth and Fourteenth Amendment rights.  Bean requests this Court to order the immediate return of all property seized from his residence and hold defendants liable for any damage to his property.

   1. Fourth Amendment Claims

"The mere fact that property was damaged in the course of executing [a] warrant does not establish a constitutional violation."  <u>Clark v. Fiske</u>, No. SA-05-CA-0485-FB, slip. op. at *3, 2005 WL 3617731 (W.D. Tex. 2005).  In executing a warrant, officers must, on occasion, damage property in order to perform their duties.  <u>Id.</u> (citing <u>Dalia v. United States</u>, 441 U.S. 238, 258 (1979)).  However, "[e]xcessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment, even though the entry itself is lawful and the fruits of the search are not subject to suppression."  <u>United States v. Ramirez</u>, 523 U.S. 65, 71 (1998).  To the extent the SPD, NHSPD, NHDPP, Barton, Buskey, John Doe I-III and Drown caused excessive

and unnecessary destruction to the seized property, I conclude
that Bean has alleged a Fourth Amendment claim against them for
purposes of preliminary review (Counts II and IV).

      2.   Fifth Amendment Claims

Bean further alleges that defendants' actions amounted to a
deprivation of property in violation of his due process rights
under the Fifth Amendment.  The Fifth Amendment only applies to
due process claims against federal officials, not state or local
governments.  See Crockett v. Caruso, No. 1:06-CV-274, slip. op.
at *5, 2006 WL 1275055 (W.D. Mich. 2006)("The Fifth Amendment's
Due Process Clause applies only to actions by the federal
government, while the identical clause in the Fourteenth
Amendment protects against misconduct by state actors.");
Wrinkles v. Davis, 311 F. Supp. 2d 735, 738 (N.D. Ind. 2004)
("The Fifth Amendment's due process clause applies only to acts
of the federal government and does not limit actions of state
officials.").  Allegations of federal action are required to
state a claim for deprivation of due process in violation of the
Fifth Amendment.  See Tylena M. v. Heartshare Children's Servs.,
390 F. Supp. 2d 296, 311 (S.D.N.Y. 2005).  Because Bean has named
only state and municipal defendants, I conclude that he has
failed to state a cognizable Fifth Amendment claim and therefore

recommend dismissal of this claim in its entirety.[2]

    3.    Fourteenth Amendment Claims

Bean alleges that defendants' actions constitute a deprivation of property in violation of his due process rights under the Fourteenth Amendment.  The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property without due process of law."  U.S. Const. amend. XIV.  While an authorized, intentional deprivation of property is actionable under the Due Process Clause, a random, unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy.  See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984).  To the extent Bean alleges that the deprivation was authorized, intentional and carried out pursuant to established government procedures, regulations or statutes, he has stated a cognizable Fourteenth Amendment claim.  See Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982).  To the extent he alleges that the deprivation was unauthorized and intentional, he has

---

[2]Although the Fifth Amendment's "Just Compensation Clause" applies to the states through the Fourteenth Amendment, see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 535 U.S. 302, 307 (2002), Bean's allegations do not support or even identify such a claim.

alleged that the State of New Hampshire has denied him adequate post-deprivation remedies.  Bean alleges that he filed a motion for return of property in the Franklin District Court and Merrimack County Superior Court but that the remedies available to him were inadequate.  If true, these allegations may well give rise to a cognizable Fourteenth Amendment due process claim against the SPD, Sanbornton Township, NHSPD, NHDPP, Barton, Buskey, John Doe I-III and Drown NHDPP (Counts II, IV, VII and IX).

      C.    <u>Counts V, VI and VIII</u>

Bean alleges that defendants failed to provide him with notice of the seizure and denied him adequate state pre-deprivation and post-deprivation remedies, in violation of his Fourteenth Amendment[3] right to due process.  Count V of the complaint alleges that the SPD, NHDPP, Barton, Buskey and Drown failed to provide him with adequate notice of the seizure, withheld his property and denied him adequate post-deprivation remedies.  Bean requests this Court to order the return of all

---

[3]While Bean refers to the Fourth Amendment, he appears to allege only due process claims, which I liberally construe to arise under the Fourteenth Amendment.  As explained more fully above, he has named only state and municipal defendants, therefore, he fails to allege a cognizable due process claim under the Fifth Amendment.

property illegally seized from his residence.

Count VI alleges that the SPD, Sanbornton Township, Barton and Buskey failed to provide him with adequate notice and an opportunity to be heard before disposing of his property.  Bean requests this Court to stay further transfer, forfeiture or disposal of his property, to order the State to conduct an accounting of all property seized and released to third parties and to order the State to disclose its records pertaining to accounting, inventory and chain-of-custody.  He also requests this Court to declare defendants liable for the property seized from his residence.

Count VIII alleges that the SPD, Sanbornton Township and Barton failed to require that notice and an opportunity to be heard be given to parties dispossessed of seized property prior to its disposal.  Defendants allegedly adopted and applied an unconstitutional policy regulating the disposition of property seized during a criminal investigation.  Bean requests this Court to compel defendants to disclose township policy regulating the disposition of property seized incident to a criminal investigation.

"The Due Process Clause of the Fourteenth Amendment requires that a private citizen be given notice and an opportunity to be

heard before a government official seizes his or her property."
Quik Cash Pawn & Jewelry, Inc. v. Sheriff of Broward County, 279
F.3d 1316, 1322 (11th Cir. 2002)(citing Fuentes v. Shevin, 407
U.S. 67, 80-82 (1972)).  "[S]ome exceptions to the general rule
requiring predeprivation notice and hearing [exist], but only 'in
extraordinary situations where some valid governmental interest
is at stake that justifies postponing the hearing until after the
[seizure]'".  Id. (citing United States v. James Daniel Good Real
Prop., 510 U.S. 43, 53 (1993)).  "The supreme court has suggested
that such a 'limited circumstance' exists when law enforcement
officials seize property as evidence of a crime.'" Id.

     Here, it is unclear whether the seizure falls within this
exception, because Bean purportedly has not been charged with a
crime incident to the seizure of June 29, 2004.  He alleges that
defendants seized his property without adequate notice or a
hearing, withheld his property and denied him adequate post-
deprivation remedies.  He further alleges that defendants have
not initiated forfeiture proceedings against him.  If true, his
allegations may well give rise to a cognizable Fourteenth
Amendment Due process claim against the SPD, Sanbornton Township,
NHDPP, Barton, Buskey and Drown.

16

D.   <u>Count X</u>

In Count X of the complaint, Bean requests this Court to (1) declare the Franklin County District Court's dismissal of his Motion for the Return of Seized Property prejudicial and an abuse of judicial discretion; (2) declare him without adequate post-deprivation remedies; and order the State and Franklin District Court "to act in accordance with [New Hampshire] law and Rules of Court, and afford [him] the same level of Due Process guarantees otherwise generally allotted the Public at large."

As stated above, "Section 1983 'provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place under color of any statute, ordinance, regulation, custom, or usage, of any State. . .'" <u>Estades-Negroni v. CPC Hosp. SanJuan Capestrano</u>, 412 F.3d 1, 4 (1st Cir. 2005)(quoting <u>Rockwell v. Cape Cod Hospital</u>, 26 F.3d 254, 255 (1st cir. 1994)).  If the plaintiff fails to allege facts sufficient to establish either the deprivation of a federal right or that the defendant or defendants acted under color of state law, then the § 1983 claim is subject to dismissal." <u>Id.</u>

Here, Bean has not identified a deprivation of a federally secured right or any constitutional injury.  <u>See Aponte-Torres v.</u>

17

Univ. of P.R., 445 F.3d 50, 55 (1st Cir. 2006)(quoting Rogan v.
City of Boston, 267 F.3d 24, 27 (1st Cir. 2001))("A plaintiff
seeking to recover under section 1983 must allege what is
colloquially known as 'constitutional injury,' that is, he or she
must identify a deprivation of some federally secured right.").
Because the above claims fail to allege facts sufficient to
establish the deprivation of a federal right, I recommend that
they be dismissed (Count X).

II.   Official Capacity

Construed liberally, the complaint seeks declaratory,
injunctive and monetary relief for wrongs committed by the NHSPD,
NHDPP, John Doe II-III and Drown as state actors in their
official capacities.  It is well-settled that the Eleventh
Amendment bars suits against state entities and state agents
working in their official capacities unless the state has
expressly waived immunity, which has not been done by New
Hampshire for actions brought under Section 1983.  See Puerto
Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S.
139, 144 (1993) (absent waiver, neither a State nor agencies
acting under its control may be subject to suit in federal
court); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71
(1989)(holding that neither a state nor its officials acting in

18

their official capacities are "persons" under Section 1983).
Official capacity suits against officers of an agency are simply
"another way of pleading an action against an entity of which an
officer is an agent."  Monell, 436 U.S. at 690 n.55.  To the
extent Bean brings official capacity claims for monetary relief
against the state defendants, all of whom are officials or
employees of the NHSPD or NHDPP, I recommend that those claims be
dismissed.

On the other hand, official capacity actions against state
actors for prospective injunctive relief are not treated as
actions against the state and may be considered under Section
1983.  See Will, 491 U.S. at 71 n.10; Ex parte Young, 209 U.S.
123, 159-60 (1908).  Thus, Bean is not barred from bringing
claims for prospective injunctive relief against the defendants
in their official capacities.

III. Municipal Liability

The complaint names the Sanbornton Township and the SPD, a
municipal entity, as defendants in this action.  Municipalities
and local government entities are "persons" within the meaning of
Section 1983.  See Monell, 436 U.S. at 690.  A municipal entity
cannot be held liable under Section 1983 on a theory of

*respondeat superior* or vicarious liability; rather the municipality itself must proximately cause the constitutional injury, through promulgation or tacit approval of a policy or custom.  See City of Canton v. Harris, 489 U.S. 378, 385 (1989). To state a viable Section 1983 claim, a plaintiff must allege in substance that the challenged municipal custom or policy was the "moving force" behind the constitutional violations.  See Board of the County Comm'rs v. Brown, 520 U.S. 397, 404 (1997); McCabe v. Life-Line Ambulance Serv., 77 F.3d 540, 544 (1st Cir. 1996) (citations omitted).  Supervisors similarly can be held liable only on the basis of their own acts or omissions, amounting to reckless or callous indifference to the constitutional rights of others.  See Gaudreault v. Salem, 923 F.2d 203, 209 (1st Cir. 1990).

In this action, if Bean intends to pursue claims against Sanbornton Township and the SPD he must, at a minimum, allege that his constitutional deprivations were the product of a municipal custom or policy.  Liberally construing the complaint, I conclude that the wrongful conduct ascribed to the municipal defendants was the product of an unconstitutional municipal custom or policy.  The alleged deprivations stem from Sanbornton

Township policy governing the disposition of property seized during the course of a criminal investigation and permitting the municipality to dispose of an individual's property without affording him prior notice or an opportunity to be heard. Construed liberally, the complaint suggests that Sanbornton Township or the SPD was the "moving force" behind the acts or omissions allegedly taken by the SPD employees.  Accordingly, I conclude that the complaint states a viable claim premised upon municipal liability against Sanbornton Township and the SPD.

The complaint also names Barton, Buskey and John Doe I in their official capacities as officers of the SPD.  Official capacity suits against officers of an agency are simply "another way of pleading an action against an entity of which an officer is an agent."  Monell, 436 U.S. at 690 n.55.  See also Brandon v. Holt, 469 U.S. 464, 471 (1985)(suits against parties in their official capacities treated as suits against the municipality). While defendants' conduct may not rise to the level of deliberate indifference, their acts or omissions may amount to reckless or callous indifference to Bean's constitutional rights.  As employees of the SPD, defendants had knowledge of the municipal policy that allegedly caused the underlying deprivations. Because I find municipal liability as to Sanbornton Township and

21

the SPD, I extend that reasoning to above individual defendants and conclude that the official capacity claims against them are cognizable for purposes of preliminary review.

IV.   <u>State Law Claims</u>

Construed very liberally, the complaint alleges that defendants wrongfully withheld and/or disposed of Bean's property in violation of N.H. Rev. Stat. Ann. ("RSA") § 595-A:5 (governing the seizure, custody and disposition of property seized during the execution of a search warrant).   <u>See</u> <u>State v. Brown</u>, 125 N.H. 346, 351, 480 A.2d 901, 905 (1984)(holding that RSA 595-A:6 "focuses on the owner of the items seized and provides procedures by which he or she may recover possession of he items.  A violation of may give rise to civil liability.").  To the extent Bean's state law claims are so related that they appear to form part of the "same case or controversy" of his viable federal claims under the Fourth and/or Fourteenth Amendment, I conclude that this Court may exercise supplemental jurisdiction over the state law claims.  <u>See</u> 28 U.S.C. § 1367(a) (providing for supplemental jurisdiction over claims that are so related they form part of the same case or controversy).

<u>Conclusion</u>

For the reasons stated above, I find that Bean has alleged:

22

(1) Fourth Amendment claims arising from an unreasonable search and seizure against the SPD, NHSPD, NHDPP, Barton, John Doe I-III and Drown (Counts I and III); (2) Fourth and Fourteenth Amendment claims arising from the retention, mishandling and/or destruction of seized property against the SPD, NHSPD, NHDPP, Barton, Buskey, John Doe I-III[4] and Drown (Counts II, IV, VII and IX); and (3) Fourteenth Amendment claims arising from inadequate notice of seizure and inadequate pre-deprivation and post-deprivation remedies against the SPD, NHDPP, Sanbornton Township, Barton, Buskey and Drown (Counts V, VI and VIII).  I further recommend

---

[4]If Bean wishes to pursue his claims against the unidentified Doe defendants, he will have to obtain the defendants' full names in discovery and appropriately move to amend the complaint.  To this end, upon service of this action on the named defendants, Bean can serve the named defendants with interrogatories to obtain the full name of the presently unidentified defendants pursuant to Fed. R. Civ. P. 33(a) which states in pertinent part:

> Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by an officer or agent, who shall furnish such information as is available to the party.

Bean is further instructed to forward a summons to this Court with each defendant's proper name.

that this Court exercise jurisdiction over his related supplemental state law claims.  I recommend dismissal of all remaining claims.

If this report and recommendation is approved, the claims as identified herein will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report and recommendation, or he must properly move to amend the complaint.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Committee. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

James R. Muirhead
United States Magistrate Judge

Date: June 29, 2006
cc:   Kevin J. Bean, *pro se*