**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Kevin J. Bean

    v.                                                        Civil No. 06-cv-161-PB

State of New Hampshire, et al.

**O R D E R**

    Pro se plaintiff Kevin J. Bean has filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that defendants have violated his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and New Hampshire law (document no. 1).  Seeking injunctive, declaratory and monetary relief, he brings this action against the following defendants: Sanbornton Township; Sanbornton Police Department ("SPD") and three SPD employees, Chief Mark R. Barton, Detective Jeffrey S. Buskey and Officer John Doe I; the New Hampshire State Police Department ("NHSPD") and two NHSPD employees, Troopers John Doe II and John Doe III; and the New Hampshire Department of Probation and Parole ("NHDPP") and two NHDPP employees, Chief Robert Patrick and Field Services Officer Brad Drown.  The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief

may be granted.  See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

For the reasons stated in the report and recommendation issued simultaneously herewith, I find that Bean has alleged: (1) Fourth Amendment claims arising from an unreasonable search and seizure against the SPD, NHSPD, NHDPP, Barton, John Doe I-III and Drown (Counts I and III); (2) Fourth and Fourteenth Amendment claims arising from the retention, mishandling and/or destruction of seized property against the SPD, NHSPD, NHDPP, Barton, Buskey, John Doe I-III and Drown (Counts II, IV, VII and IX); and (3) Fourteenth Amendment claims arising from inadequate notice of seizure and inadequate pre-deprivation and post-deprivation remedies against the SPD, NHDPP, Sanbornton Township, Barton, Buskey and Drown (Counts V, VI and VIII).  I further recommend that this Court exercise jurisdiction over his related supplemental state law claims.  I recommend dismissal of all remaining claims.

As I find that plaintiff has stated claims upon which relief may be granted, I order the complaint served.

As to the state defendants (NHSPD, NHDPP, John Doe II-III and Drown) the Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the

Agreement On Acceptance Of Service, copies of the complaint (document no. 1), the report and recommendation and this order. See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

The defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or

their attorneys, pursuant to Fed. R. Civ. P. 5(b).

As to the municipal defendants (SPD, Sanbornton Township, Barton, Buskey and John Doe I), the Clerk's Office is instructed to prepare the summonses for each defendant and deliver to the United States Marshal for the District of New Hampshire ("U.S. Marshal's Office") the summonses and copies of the complaint (document no. 1), the report and recommendation and this order. Upon receipt of the necessary documentation, the U.S. Marshal's Office shall effect service upon defendants. See Fed. R. Civ. P. 4(c)(2).

Defendants shall answer or otherwise plead within twenty days of acceptance of service. See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: June 29, 2006

cc:   Kevin J. Bean, *pro se*